1   Emily Brandenburg (AKA Emily Kearney) (SBN 287652)
2   emily@thekearneyfirm.com
    The Kearney Firm, APC
3   301 Bayview Circle, Suite A5278
4   Newport Beach, CA 92660

5   Attorney for Plaintiffs
    THE LITTLE CATHOLIC, LLC
6   PRISCILLA DURANT

7

8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11                                         |  **Case No.: 8:24-cv-2577**

12  **THE LITTLE CATHOLIC, a**
    **California limited liability company;**     **COMPLAINT**
13  **PRISCILLA DURANT, an**
14  **individual;**

15              **Plaintiffs,**                    **(1) COPYRIGHT INFRINGEMENT**
16       **vs.**                                   **(2) PATENT INFRINGEMENT**
                                                   **(3) RIGHT OF PUBLICITY**
17  **SPECIALIZED TOP ADVISORY**                   **(4) DEMAND FOR JURY TRIAL**
18  **SERVICES, INC., a Florida**
    **corporation, d/b/a GUADALUPE**
19  **GIFTS; and DOES 1-100;**

20              **Defendant.**

21

22

23          Plaintiffs, The Little Catholic, LLC ("TLC"), a California limited liability

24  company, and Priscilla Durant ("Durant") (collectively referred to as

25  "PLAINTIFFS"), for their complaint against Defendant SPECIALIZED TOP

26

27  ADVISORY SERVICES, INC., a Florida corporation, d/b/a GUADALUPE

28

                                    1
                                COMPLAINT

GIFTS, and Does 1-100, inclusive ("DEFENDANT"), hereby allege as follows:

## **JURISDICTION AND VENUE**

1.  This is an action for copyright infringement and patent infringement.

2.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

3.  This is a civil action seeking damages and injunctive relief for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271. By this action, PLAINTIFFS seek damages against DEFENDANT.

4.  This Court has personal jurisdiction over DEFENDANT based upon: (a) DEFENDANT promotes and sells its products in this judicial district and (b) DEFENDANT committed the infringing and other tortious conduct underlying PLAINTIFFS' claims in this judicial district.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a)-(c), and 2201-2202 because this involves copyright and patent infringement and there is an "actual controversy" between PLAINTIFFS and DEFENDANT. Further, this case primarily involves a federal question, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.

6.  This Court has supplemental jurisdiction over PLAINTIFFS' state law claim for violation of the Right of Publicity under California Civil Code § 3344 and

common law pursuant to 28 U.S.C. § 1367(a), because this claim is so related to PLAINTIFFS' federal claims for copyright infringement under 17 U.S.C. § 501 and patent infringement under 35 U.S.C. § 271 that it forms part of the same case or controversy under Article III of the United States Constitution.

7.  Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b)-(c) and 1400(a) at least because:

- DEFENDANT, either directly or through its agents, has committed acts within this judicial district giving rise to this action;

- DEFENDANT continues to conduct business in this District; and/or

- DEFENDANT has committed acts of patent infringement within this District giving rise to this action.

## THE PARTIES

8.  TLC is a California limited liability company existing under the laws of the State of California, with a principal place of business located at 25261 Bentley Lane, Laguna Niguel CA 92653. Durant is the sole owner of TLC. TLC is a designer, manufacturer, and retailer of Catholic merchandise, including but not limited to jewelry.

9.  PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT in a company incorporated in the state of Florida, with an corporate address at 4005 SAPPHIRE LANE, WESTON, FL 33331. PLAINTIFFS further

allege that DEFENDANT is a designer, manufacturer, and retailer of Catholic jewelry in the United States.

10.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT manufactures, sells, and offers its jewelry for sale to consumers all over the United States and within this judicial district through its website: www.guadalupegifts.com.

### FACTS UNDERLYING CAUSES OF ACTION

#### *TLC's Business, Copyright, and Patent*

11.    Durant is the sole owner of TLC. TLC is a small family-owned business founded in 2018. Since 2018, TLC has designed, manufactured, and sold Catholic merchandise. Among other merchandise, TLC primarily designs, manufactures, and sells jewelry.

12.    TLC is an innovator of original Catholic jewelry designs. TLC pours considerable resources into inventing original designs of Catholic jewelry and ethically manufacturing them in Southern California.

13.    Durant is the creator and owner of three-dimensional artwork depicting the three hearts of the Holy Family (the "Holy Family Hearts Artwork"). Durant exclusively licenses the "Holy Family Hearts Artwork" to TLC. The Holy Family Hearts Artwork is proudly displayed on TLC's website as part of its exclusive

jewelry collection. See https://www.thelittlecatholic.com/collections/best-selling-products/products/holy-family-hearts.

14.    TLC is the creator and owner of a group of eleven photos for photographs that are protected by TLC's Mother Mary Photos Copyright to promote and sell merchandise unrelated to the Holy Family Hearts, which can be viewed at the following link on TLC's website: https://thelittlecatholic.com/products/mother-mary-necklace.

15.    On January 30, 2024, the U.S. Patent and Trademark Office duly and lawfully issued United States Patent No. D1012750 for TLC's three-dimensional jewelry design; on September 24, 2024, the U.S. Patent and Trademark Office duly and lawfully issued United States Patent No. D1043407 for three-dimensional jewelry design (both patents are collectively referred to as "Design Patents"). A true and correct copy of the Design Patents is attached hereto as **Exhibit A** and incorporated by reference.

16.    The Design Patents are an original three-dimensional jewelry design of all three hearts of the Holy Family—Jesus, Mary, and Joseph. Prior to TLC's invention of this design, no other three-dimensional jewelry pieces depicted the three hearts of the Holy Family strung together.

17.    Durant owns the copyright registrations for the Holy Family Hearts Artwork (Reg. Nos. VA0002209979 and VAu001510355) ("Holy Family Copyrights") and

exclusively licenses these Copyrights to TLC; TLC owns the copyright registration for the eleven photographs it uses to sell the "Mother Mary Necklace in Blue" listed on its website (Reg. No. VA2-417-061) ("Mother Mary Photo Copyrights") (all copyrights are collectively referred to as "Copyrights"). A true and correct copy of the Copyrights are attached hereto as **Exhibit B** and incorporated by reference.

18.    Durant is the owner and exclusive licensor of all rights, title, and interest in the Holy Family Hearts Artwork and its associated copyrights (Reg. Nos. VA0002209979 and VAu001510355). As the owner, Durant retains the right to assert causes of action and pursue remedies for any infringement of these copyrights.

19.    TLC is the owner and assignee of all rights, title, and interest in the Design Patents (U.S. Patent Nos. D1012750 and D1043407). TLC holds the exclusive right to assert causes of action and seek remedies for infringement of these patents.

### DEFENDANTS' Infringing Conduct

20.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT has, and continues to, infringe the Copyrights and Design Patents by making, using, selling, and offering for sale in the United States jewelry using a design substantially similar to the Copyrights and Design Patents ("Infringing Jewelry").

21.    PLAINTIFFS are informed and believe, and on that basis allege, that the

success and popularity of the Infringing Jewelry has resulted from imitation,

copying, and unlawful piggybacking off of PLAINTIFFS' substantial investment

in its intellectual property rights, including the Copyrights and Design Patents.

22.    Specifically, DEFENDANT makes, uses, sells, and offers for sale three-

dimensional jewelry design in the United States of all three hearts of the Holy

Family—Jesus, Mary, and Joseph. DEFENDANT uses three-dimensional hearts of

the Holy Family strung together as a single piece of jewelry in their Infringing

Jewelry, which is part of the design claimed in the Design Patents. While the

individual hearts of Jesus, Mary, and Joseph existed in the public domain

individually as paintings, they have never existed collectively as three hearts of the

Holy Family strung together as a three-dimensional single piece of jewelry.[1] The

only imagery of the three hearts of the Holy Family together that existed before

PLAINTIFF's Copyrights and Design Patents were two-dimensional paintings of

the hearts, which are different articles of manufacturing than three-dimensional

jewelry. Thus, there is no prior art that qualifies as comparison prior art because

the two-dimensional paintings that featured the three hearts together are not the

---

[1] *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.* 2022 WL 5988026, "To qualify as comparison prior art, the prior-art design must be applied to the article of manufacture identified in the claim."

same article of manufacture as the three-dimensional jewelry identified in the Design Patents.[2]

23.    DEFENDANT's infringement of the Copyrights and Design Patents is evidenced by photos of the Infringing Jewelry featured on DEFENDANT'S website at the following links:

- https://guadalupegifts.com/products/dainty-gold-vermeil-three-hearts-of-the-holy-family-necklace
- https://guadalupegifts.com/collections/catholic-gift-shop/products/three-hearts-of-the-holy-family-sterling-silver-pendant
- https://guadalupegifts.com/collections/catholic-gift-shop/products/dainty-gold-vermeil-three-hearts-of-the-holy-family-necklace

Screenshots of the Infringing Jewelry were obtained from these URLs on DEFENDANT's website on September 23, 2024, and the screenshots of the Gold Vermeil Three Hearts of the Holy Family is attached as **Exhibit C** and incorporated hereto by reference.

24.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT manufactured and sold the Infringing Jewelry by copying the Copyrights and by using the design patented by the Design Patents.

---

[2] *Columbia*, 2022 WL 5988026 at 10, "[W]e have regarded the Supreme Court's Whitman Saddle case as foundational for using comparison prior art in an infringement analysis. *See Egyptian Goddess*, 543 F.3d at 672–74, 676 (recounting the history of this issue, beginning with *Smith v. Whitman Saddle Co*., 148 U.S. 674 (1893)). There, the patent covered the design of a saddle, and the comparison prior art consisted of saddles. See 148 U.S. at 675–76, 680–82. Likewise, in Egyptian Goddess, the patent covered the design of a nail buffer, and the comparison prior art consisted of nail buffers. 543 F.3d at 668, 680–82."

25. PLAINTIFFS' Holy Family Hearts Artwork and patented designs depict the hearts of Mary, Jesus, and Joseph arranged in that specific order. DEFENDANT's Infringing Jewelry mirrors this exact arrangement.

26. PLAINTIFFS took artistic license to modify the Sacred Heart of Mary and Sacred Heart of Jesus, traditionally depicted in two-dimensional paintings in the public domain, by removing the flames. DEFENDANT's Infringing Jewelry incorporates this same modification.

27. PLAINTIFFS also altered the Most Chaste Heart of Joseph by replacing the lily traditionally imprinted on the heart in public domain works with a rose. DEFENDANT's Infringing Jewelry adopts this identical artistic change, replacing the lily with a rose on the heart of Joseph.

28. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's replication of these specific artistic elements demonstrates willful and intentional copying of PLAINTIFFS' copyrighted works.

29. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT has marketed the Infringing Jewelry within the entire United States and within this Judicial District.

30. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT sells the Infringing Jewelry within this Judicial District. PLAINTIFFS have attached receipts of an individual within this Judicial District

purchasing the Infringing Jewelry, which is reflected in **_Exhibit D_** and incorporated hereto by reference.

31.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT stole and unlawfully reproduced PLAINTIFFS' copyrighted Mother Mary Photos directly from TLC's website and used them to advertise and sell DEFENDANT's products, including the "Gold Vermeil Blue Enamel Lourdes Necklace with White Crystals," without PLAINTIFFS' authorization or consent. The stolen photos depict not only the copyrighted image of the Mother Mary Necklace in Blue but also portions of Durant's face and fingers holding or wearing the necklace.

32.    On October 31, 2024, PLAINTIFFS sent DEFENDANT a cease and desist and demand letter ("C&D/Demand Letter"), which is attached as **Exhibit E** and hereby incorporated by reference. DEFENDANT received this C&D/Demand Letter on November 1, 2024 via FedEx. PLAINTIFFS gave DEFENDANT until November 15, 2024, to respond.

33.    On November 5, 2024, PLAINTIFFS also sent DEFENDANT the C&D/Demand Letter via email to info@guadalupegifts.com. Juan Carlos Valerio replied to the C&D/Demand Letter sent via email on November 18, 2024 (three days after the deadline PLAINTIFFS gave DEFENDANT to respond) with a very brief and incoherent 327-word response. A copy of DEFENDANT's response

("DEFENDANT's Response") is attached hereto **as Exhibit F** and hereby incorporated by reference.

34.    In DEFENDANT's Response, PLAINTIFFS believe that DEFENDANT denied the allegations and alleged that they were not the manufacture. They also denied using PLAINTIFFS' copyrighted images. DEFENDANT made no monetary counteroffer.

35.    PLAINTIFFS subsequently responded to DEFENDANT's Response via email. PLAINTIFFS's response to DEFENDANT's Response ("PLAINTIFFS' Response") is attached as **Exhibit G** and are hereby incorporated by reference. PLAINTIFFS' Response included proof of DEFENDANT's unauthorized use of PLAINTIFFS' Mother Mary Photo Copyrights by attaching screenshots of DEFENDANT's website to the email showing DEFENDANT's use of the images protected by the Mother Mary Photo Copyrights without PLAINTIFFS' permission to advertise and sell DEFENDANT's product, "Gold Vermeil Blue Enamel Lourdes Necklace with White Crystals."

36.    Screenshots of DEFENDANT's use of PLAINTIFFS's images protected by the Mother Mary Photo Copyrights are hereby attached as ***Exhibit H*** and are hereby incorporated by reference. These screenshots used to appear at the following link on DEFENDANT's website prior to the C&D/Demand Letter being sent out, but DEFENDANT has subsequently taken the images off the website and

denied ever using them: www.guadalupegifts.com/products/our-lady-of-lourdes-necklace-blue.

37.    Three of the deposits submitted to the U.S. Copyright Office for the Mother Mary Photos Copyrights, which are the photos that DEFENDANT copied, are attached hereto as **Exhibit I** and incorporated by reference.

38.    A screenshot of the followers list from Defendant's Instagram page, Guadalupe Gifts (accessible at https://www.instagram.com/guadalupegifts?igsh=NTc4MTIwNjQ2YQ==), dated September 23, 2024, is included as **Exhibit J**. **Exhibit J** is attached to this document and incorporated herein by reference.

39.    DEFENDANT's unauthorized use of the Mother Mary Photos Copyrights included directly copying the exact same photos from TLC's website, without any alterations, edits, or transformations. These photos, which are protected under PLAINTIFFS' copyright, depict not only the Mother Mary Necklace in Blue but also portions of Durant's face and fingers holding or wearing the necklace. DEFENDANT displayed these exact photos on its website to advertise and sell its "Gold Vermeil Blue Enamel Lourdes Necklace with White Crystals," without PLAINTIFFS' authorization.

40.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's unauthorized use of PLAINTIFFS' copyrighted Mother Mary

Photos was willful, intentional, and undertaken with full knowledge of PLAINTIFFS' ownership of these works. DEFENDANT made no effort to alter, edit, or transform the images in any way, further demonstrating the deliberate and willful nature of the infringement.

41.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's unauthorized reproduction of PLAINTIFFS' Mother Mary Photos misappropriates Durant's likeness, as the stolen photos include visible portions of her face and fingers. DEFENDANT's use of Durant's personal image adds to the severity of the infringement, further damaging PLAINTIFFS' reputation and goodwill.

42.    Despite being notified of the infringement through PLAINTIFFS' C&D/Demand Letter, DEFENDANT's response failed to acknowledge or address the theft of PLAINTIFFS' original photographs. Screenshots of DEFENDANT's website displaying the stolen Mother Mary Photos were obtained before they were removed and clearly show the unauthorized use of Durant's copyrighted images, as depicted in *Exhibit H*.

43.    As part of PLAINTIFFS' efforts to resolve this matter amicably, PLAINTIFFS renewed its settlement offer in PLAINTIFF's Response to DEFENDANT on November 19, 2024, outlining specific terms to address the unauthorized use of PLAINTIFFS' copyrighted works. PLAINTIFFS gave

DEFENDANT until November 22, 2024, to provide a counteroffer or otherwise respond to the settlement offer.

44.     Despite this reasonable opportunity to engage in settlement discussions, DEFENDANT completely ignored PLAINTIFFS' Response and failed to provide any response by the November 22 deadline or thereafter. DEFENDANT's disregard for PLAINTIFFS' efforts to resolve the matter further demonstrates a lack of willingness to address the infringing conduct or take accountability for the unauthorized use of PLAINTIFFS' copyrighted works.

45.     DEFENDANT's unauthorized use of PLAINTIFFS' copyrighted works has caused and continues to cause significant harm to PLAINTIFFS, including economic losses, dilution of goodwill, and damage to their brand's reputation.

46.     PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANTS have offered the Infringing Jewelry for sale in within this Judicial District.

47.     DEFENDANT's failure to engage in settlement discussions or otherwise respond to PLAINTIFFS' demands has prolonged the harm caused by the infringement, leaving PLAINTIFFS with no choice but to seek relief through this Court.

48.     PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT has been on actual and/or constructive notice of the existence of the

Copyrights and Design Patents and, as such, their acts of infringement have been willful and in disregard for the Copyrights and Design Patents, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

49.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT'S knowledge of the Copyrights and Design Patents is indisputable.

50.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT'S willful infringement of the Copyrights and Design Patents has directly resulted in TLC suffering significant monetary damages, including a loss of a substantial amount of business.

## COUNT 1

### Copyright Infringement

51.    PLAINTIFFS incorporate and re-allege each paragraph above into this claim.

52.    PLAINTIFFS are the owners of the copyrighted works at issue in this action.

53.    Plaintiff Durant is the creator of the copyrighted Holy Family Hearts Artwork, which she has exclusively licensed to TLC.

54.    Plaintiff TLC is the owner of the copyright for the Mother Mary Photos Copyrights, registered under Copyright Registration No. VA2417051, which

protect the photographs used to promote and sell merchandise, including the "Mother Mary Necklace in Blue."

55.    Plaintiff Durant also exclusively licenses the Holy Family Hearts Artwork to TLC, registered under Copyright Registration Nos. VA0002209979 and VAu001510355.

56.    True and correct copies of the copyright registration certificates for the Mother Mary Photos Copyrights and the Holy Family Hearts Artwork are attached hereto as ***Exhibit B*** which was previously incorporated by reference.

57.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT, Specialized Top Advisory Services, Inc., a Florida corporation, d/b/a Guadalupe Gifts, is a designer, manufacturer, and retailer of Catholic merchandise, including jewelry, and offers its products for sale to consumers throughout the United States and within this judicial district via its website www.guadalupegifts.com.

58.    DEFENDANT is not authorized to use or reproduce PLAINTIFFS' copyrighted works.

59.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT had access to PLAINTIFFS' copyrighted works because PLAINTIFFS' Holy Family Hearts Artwork and Mother Mary Photos are

prominently displayed on TLC's website and Instagram pages, which

DEFENDANT's Instagram account follows.

60.    PLAINTIFFS are informed and believe, and on that basis allege, that

DEFENDANT copied, reproduced, displayed, and distributed PLAINTIFFS'

copyrighted works at various online locations without PLAINTIFFS' permission,

including but not limited to the following:

- Holy Family Hearts Artwork: Used in DEFENDANT's jewelry products,
  sold at the following links on DEFENDANT's website, which
  DEFENDANT has since taken down:

  - https://guadalupegifts.com/products/dainty-gold-vermeil-three-hearts-
    of-the-holy-family-necklace

  - https://guadalupegifts.com/collections/catholic-gift-
    shop/products/three-hearts-of-the-holy-family-sterling-silver-pendant

  - https://guadalupegifts.com/collections/catholic-gift-
    shop/products/dainty-gold-vermeil-three-hearts-of-the-holy-family-
    necklace

- Mother Mary Photos Copyrights: Used without authorization to advertise
  DEFENDANT's "Gold Vermeil Blue Enamel Lourdes Necklace with White
  Crystals" on DEFENDANT's website at

  www.guadalupegifts.com/products/our-lady-of-lourdes-necklace-blue.

61.    Screenshots of DEFENDANT's unauthorized use of photographs protected by PLAINTIFF's Copyrights, which were obtained at the above links, can be found at ***Exhibit H***, which was previously incorporated by reference.

62.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's unauthorized reproduction, display, and use of PLAINTIFFS' copyrighted works were willful and intentional, as evidenced by DEFENDANT's access to PLAINTIFFS' works via social media and DEFENDANT's subsequent use of identical and substantially similar imagery. As depicted in Exhibit J, DEFENDANT followed Plaintiff TLC's social media page and, as such, had access to all of PLAINTIFFS' photos and products.

63.    PLAINTIFFS sent DEFENDANT a Cease-and-Desist/Demand Letter on October 31, 2024, outlining DEFENDANT's infringing conduct and demanding that DEFENDANT cease all unauthorized use of PLAINTIFFS' copyrighted works and compensate PLAINTIFFS for damages. The letter is reflected in ***Exhibit E*** and was previously incorporated by reference.

64.    DEFENDANT responded on November 18, 2024, denying the allegations, claiming not to manufacture the infringing items, and denying use of PLAINTIFFS' copyrighted images. DEFENDANT failed to make any monetary counteroffer. DEFENDANT's Response is reflected in ***Exhibit F*** and was previously incorporated by reference.

65.    PLAINTIFFS replied to DEFENDANT's Response via email on November 19, 2024, providing proof of DEFENDANT's use of PLAINTIFFS' copyrighted Mother Mary Photos to sell DEFENDANT's "Gold Vermeil Blue Enamel Lourdes Necklace with White Crystals." PLAINTIFFS' reply email, as displaced in ***Exhibit G***, included screenshots of the unauthorized use, as displayed in ***Exhibit H***.

66.    Despite PLAINTIFFS' efforts to resolve the matter amicably, DEFENDANT failed to respond to PLAINTIFFS' renewed settlement offer by the November 22, 2024 deadline.

67.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's unauthorized use of PLAINTIFFS' copyrighted works has caused significant harm to PLAINTIFFS, including lost sales, economic losses, dilution of goodwill, and damage to their brand's reputation.

68.    PLAINTIFFS are further informed and believe, and on that basis allege, that DEFENDANT has obtained direct and indirect profits attributable to DEFENDANT's infringement of PLAINTIFFS' copyrighted works, which PLAINTIFFS are entitled to recover.

69.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's infringement has been willful, intentional, and malicious, as DEFENDANT had actual or constructive knowledge of PLAINTIFFS' Copyrights but chose to exploit them without authorization.

70.    As a result of DEFENDANT's willful infringement, PLAINTIFFS are entitled to statutory damages under 17 U.S.C. § 504(c)(2) in the sum of up to $150,000.00 per infringement.

## COUNT 2

## Patent Infringement

71.    PLAINTIFFS incorporate and re-allege each paragraph above into this claim.

72.    Plaintiff TLC is the owner of two valid and enforceable United States Design Patents that protect the Holy Family Hearts Artwork:

- U.S. Design Patent No. D1012750; and

- U.S. Design Patent No. D1043407.

73.    The Design Patents were duly and lawfully issued by the United States Patent and Trademark Office on January 30, 2024, and September 24, 2024, and are currently in full force and effect. True and correct copies of the Design Patents are attached hereto as **Exhibit A** and previously incorporated by reference.

74.    The Design Patents protect TLC's original three-dimensional jewelry design depicting the three hearts of the Holy Family—Jesus, Mary, and Joseph—strung together as a single piece of jewelry.

75.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's Infringing Jewelry embodies designs that are substantially similar

to TLC's patented designs. Specifically, the Infringing Jewelry copies the unique design elements of the Holy Family Hearts Artwork, including the arrangement of the three hearts and the distinct artistic features that make TLC's patented designs original.

76.     PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT has been and are directly infringing, literally or under the doctrine of equivalents, of the Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, jewelry including TLC's patented design, in violation of 35 U.S.C. § 271(a). More specifically, DEFENDANT has infringed and continues to infringe the Patent because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Infringing Jewelry.

77.     PLAINTIFFS are informed and believe, and on that basis allege, that Defendant's use, sale, and offer for sale of the Infringing Jewelry is without PLAINTIFFS' authorization or consent.

78.     PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT has been on actual and/or constructive notice of PLAINTIFFS' Design Patents and their exclusive rights in the Holy Family Hearts Artwork. Despite this notice, DEFENDANT's acts of infringement have been knowing, intentional, and willful.

79.    DEFENDANT had access to PLAINTIFFS' patented designs through TLC's website and social media platforms, including TLC's Instagram account, which DEFENDANT's Instagram account follows. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT intentionally copied and marketed designs substantially similar to PLAINTIFFS' patented works and Holy Family Hearts Artwork, as evidenced by the following:

- PLAINTIFFS' patented designs and Holy Family Hearts Artwork depict the three hearts of Mary, Jesus, and Joseph, arranged in that specific order. DEFENDANT's Infringing Jewelry replicates this exact order of the hearts in its design.

- PLAINTIFFS exercised artistic license by altering the original Sacred Heart of Mary and Sacred Heart of Jesus, which exist in two-dimensional paintings in the public domain, by removing the flames from each heart. DEFENDANT's Infringing Jewelry similarly depicts the Sacred Heart of Mary and Sacred Heart of Jesus with the flames removed, copying Plaintiffs' exact artistic changes.

- PLAINTIFFS further exercised artistic license by altering the Most Chaste Heart of Joseph, which exists in two-dimensional paintings in the public domain, by replacing the lily traditionally imprinted on the heart with a rose. DEFENDANT's Infringing Jewelry makes this exact same alteration,

replacing the lily with a rose on the Most Chaste Heart of Joseph.

80.     Although DEFENDANT removed the infringing products and photographs from its website after receiving PLAINTIFFS' Cease-and-Desist Letter, PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's copying of PLAINTIFFS' patented designs and Holy Family Hearts Artwork was deliberate. DEFENDANT's replication of PLAINTIFFS' precise artistic choices—including the order of the hearts and the specific alterations to the public-domain designs—demonstrates a willful attempt to exploit PLAINTIFFS' intellectual property for commercial gain, in direct violation of PLAINTIFFS' exclusive rights under the Design Patents.

81.     As a direct and proximate result of DEFENDANT's acts of infringement, PLAINTIFFS have suffered and will continue to suffer damages, including lost sales, lost profits, damage to their goodwill and reputation, and other economic harm.

82.     DEFENDANT has derived and will continue to derive substantial profits and benefits from its infringing activities, to which it is not lawfully entitled.

83.     PLAINTIFFS are entitled to recover damages adequate to compensate for DEFENDANT's infringement, including DEFENDANT's profits attributable to the infringement, under 35 U.S.C. § 284. PLAINTIFFS are further entitled to enhanced damages for DEFENDANT's willful infringement under 35 U.S.C. §

284.

84.     DEFENDANT's acts of infringement have caused and will continue to cause PLAINTIFFS immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. PLAINTIFFS have no adequate remedy at law.

85.     This case is exceptional; therefore, PLAINTIFFS are entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT 3

## RIGHT OF PUBLICITY

86.     PLAINTIFFS incorporate and re-allege each paragraph above into this claim as though fully set forth herein.

87.     Durant's likeness, including portions of her face and fingers, appears in the Mother Mary Photos, which DEFENDANT unlawfully reproduced and displayed. These features make Durant readily identifiable and uniquely associated with the photographs.

88.     PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT used Durant's likeness without her consent for the purpose of advertising, promoting, and selling DEFENDANT's "Gold Vermeil Blue Enamel Lourdes Necklace with White Crystals."

89.     At no point did Durant authorize DEFENDANT to use her likeness or

photographs in any commercial capacity or otherwise.

90.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT's use of Durant's likeness directly enhanced the marketability and sales of DEFENDANT's products by falsely implying Durant's endorsement or association with them.

91.    DEFENDANT's unauthorized use of Durant's likeness harmed PLAINTIFFS by:

- Diluting Durant's control over her own image.
- Causing reputational harm by falsely associating her with DEFENDANT's products.
- Causing emotional distress due to the exploitation of Durant's likeness for profit without her consent.

92.    DEFENDANT's actions were intentional, willful, and malicious. DEFENDANT knowingly exploited Durant's likeness for commercial gain, despite having no authorization to do so.

///

///

///

///

**COUNT 4**

**DEMAND FOR JURY TRIAL**

93.    PLAINTIFFS incorporates and re-alleges each paragraph above into this claim.

94.    PLAINTIFFS hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray that this Court enter judgment in its favor on each and every claim for relief set forth above and award PLAINTIFFS' relief including but not limited to the following:

1.    A judgment declaring that DEFENDANT Specialized Top Advisory Services, Inc., d/b/a Guadalupe Gifts has:

(a)    infringed TLC's U.S. Design Patents Nos. D1012750 and D1043407, either literally or under the doctrine of equivalents, and that such infringement was willful and intentional; and

(b)    infringed Durant's copyrights in the Holy Family Hearts Artwork (Copyright Registration Nos. VA0002209979 and VAu001510355) and TLC's copyrights in the Mother Mary Photos Copyrights (Copyright Registration No. VA2417051).

2.    A temporary, preliminary, and permanent injunction enjoining DEFENDANT and its officers, directors, agents, retailers, servants,

affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from:

    (a) using or infringing on Durant's copyrights in the Holy Family Hearts Artwork;

    (b) using or infringing on TLC's copyrights in the Mother Mary Photos Copyrights; and

    (c) using or infringing on TLC's U.S. Design Patents Nos. D1012750 and D1043407.

3. An order directing DEFENDANT to serve on PLAINTIFFS, within thirty (30) days after service on DEFENDANT of a preliminary or permanent injunctive order, a report in writing, under oath, setting forth in detail the manner and form in which DEFENDANT has complied with the injunction.

4. An award of all profits of DEFENDANT derived from its infringing activities, plus all losses of PLAINTIFFS caused by DEFENDANT's infringement, the exact sum to be proven at trial, or, at PLAINTIFFS' election before final judgment:

(a) an award of lost profits under 35 U.S.C. § 284;

(b) a reasonable royalty for DEFENDANT's unauthorized use of TLC's patented designs under 35 U.S.C. § 284; and

(c) an accounting of all infringing sales or activities not disclosed during discovery.

5.   Enhanced damages, including treble damages for willful infringement under 35 U.S.C. § 284.

6.   An order directing DEFENDANT to recall all infringing products from distribution channels and destroy all infringing products in their possession or control.

7.   A judgment declaring that DEFENDANT violated Durant's Right of Publicity by using her likeness, including portions of her face and fingers, for commercial purposes without her consent.

8.   A permanent injunction enjoining DEFENDANT and its officers, directors, agents, retailers, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from:

- Using Durant's likeness, including images depicting her face or fingers, in any advertising, promotional materials, or product listings without her express written consent.

- Suggesting or implying that Durant endorses or is affiliated with DEFENDANT or its products.

9. An order directing DEFENDANT to remove, recall, and destroy all advertisements, product listings, promotional materials, and digital content containing Durant's likeness.

10. An award of compensatory damages in the amount of $500,000, or such other amount as may be proven at trial, to compensate PLAINTIFFS for the harm caused by DEFENDANT's wrongful acts.

11. An award of all profits obtained by DEFENDANT as a result of its unauthorized use of Durant's likeness.

12. An award of punitive and exemplary damages based on DEFENDANT's willful and malicious violation of Durant's Right of Publicity.

13. An award of PLAINTIFFS' attorneys' fees as available under 35 U.S.C. § 285, as this is an exceptional case of willful and deliberate infringement.

14. An award of pre-judgment interest to compensate PLAINTIFFS for the delay in receiving damages, and post-judgment interest on all damages awarded.

15. An award of punitive damages to deter DEFENDANT's willful and intentional infringement.

16. An award of all costs incurred in this action.

17. Such other and further legal and equitable relief as this Court deems just and proper.

1

2   DATED: November 24, 2024        THE KEARNEY FIRM, APC

3

4

5                                   By: /s/      Emily Brandenburg

6                                   EMILY BRANDENBURG

7                                   (AKA EMILY KEARNEY)

8

9

10                                  Attorney for Plaintiffs

11

12                                  THE LITTLE CATHOLIC, LLC

13                                  PRISCILLA DURANT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28